IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE P. LUEBANO, JR., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-0079 |
| | § | |
| SETERUS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiffs, Eddie P. Luebano, Jr. and Lynda F. Luebano, purchased property in 2004 in Montgomery, Texas, with a mortgage loan secured by a note and deed of trust. The original holder of the note was First Horizon Home Loan Corporation. After the plaintiffs defaulted on the note, the defendants, Seterus, Inc., the current mortgage servicer, and Jeffrey B. Hardaway, the substitute trustee retained by foreclosure counsel, and Wells Fargo, the current note holder. Wells Fargo posted the property for foreclosure sale. The plaintiffs sued in state court asserting causes of action for breach of contract and common law fraud, and obtained a temporary restraining order enjoining the sale. The defendants timely removed on the basis of diversity jurisdiction.

Seterus moved to dismiss, asserting that the claims for breach of contract and fraud failed as a matter of law because the statute of frauds defeats the claim that they were instructed not to make mortgage payments pending the outcome of their modification-application process and promised that no foreclosure would occur, and because they were given proper notices of foreclosure. The trustee defendant moved to dismiss because he filed a verified denial under the Texas Property Code § 51.007(c) and the plaintiffs made no response or objection. (Docket Entry

No. 3, 5). The plaintiffs, who are *pro se*, did not appear at the initial pretrial conference and filed no responses to the motions to dismiss.

The plaintiffs' breach of contract claim and fraud claim were premised in part on Seterus's alleged oral agreement to delay foreclosure until the plaintiffs' loan-modification application had been processed. An agreement to delay foreclosure is subject to the Texas statute of frauds, and accordingly, must be in writing to be enforceable. See TEX. BUS. & COM. CODE § 26.02(a). Because there is no written agreement to forebear collecting mortgage payments or delay foreclosure, the plaintiffs' breach of contract claim was barred by the statute of frauds. The fraud claim fails because under Texas law, promises of future action by themselves are not actionable. Moreover, the plaintiffs' reliance on alleged oral representations by customer service representatives that were contradicted by the terms of the loan agreement and the notice of foreclosure was not reasonable as a matter of law. *See generally, Milton v. U.S. Bank Nat. Ass'n.*, 2013 WL 264561 (5th Cir. 2013)

Additionally, the allegations based on failure to provide proper notice of the foreclosure sale fail as a matter of law. The record, including the documents attached to the defendant's motion to dismiss and properly considered because they are referred to in the plaintiffs' complaint and are central to their claim, show that Eddie P. Luebano was sent a Notice of Acceleration and Notice of Substitute Trustee Sale by certified letter on December 7, 2012, to several different addresses on file for him. The Notice of Substitute Trustee's Sale was also recorded in the County's real property records on September 12, 2011. No breach of contract claim based on failure to give proper notice is stated. The claims against Seterus are dismissed. Because leave to amend would be futile, it is denied.

The claims against the substitute trustee are also dismissed, without prejudice, for the plaintiffs' failure to comply with the requirement to respond to the trustee's verified denial. See Tex. Prop. Code § 51.007.

Finally, the claims against all the defendants are dismissed because the plaintiffs have failed to prosecute this case. They did not comply with the court's order to appear at the Rule 16 hearing and did not respond to any of the filings in this case.

An order of dismissal is separately granted.

SIGNED on March 28, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge